**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Bryan Preston Cooper, Appellant.

Appellate Case No. 2023-000231

---

Appeal From Laurens County
Donald B. Hocker, Circuit Court Judge

---

Unpublished Opinion No. 2025-UP-429
Submitted November 1, 2025 – Filed December 23, 2025

---

**AFFIRMED**

---

Appellate Defender Gary Howard Johnson, II, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

---

**PER CURIAM:** Bryan Preston Cooper appeals his conviction for possession of methamphetamine (third or subsequent offense) and sentence of six years' imprisonment. On appeal, Cooper argues the trial court erred by failing to

suppress the evidence seized from a warrantless search of his vehicle during a traffic stop because the officer did not have reasonable grounds to ask him to exit his vehicle during the stop. We affirm pursuant to Rule 220(b), SCACR.

We believe the trial court did not err in finding the officer had reasonable suspicion that Cooper was an armed threat which justified the officer opening the door to Cooper's vehicle and ordering him to exit.[1] *See State v. Alston*, 422 S.C. 270, 279, 811 S.E.2d 747, 751 (2018) ("On appeal from a motion to suppress on Fourth Amendment grounds, [the appellate court] applies a deferential standard of review and will reverse only if there is clear error." (quoting *Robinson v. State*, 407 S.C. 169, 180-81, 754 S.E.2d 862, 868 (2014))); *id.* ("[T]his deference does not bar [the appellate court] from conducting its own review of the record to determine whether the trial [court]'s decision [was] supported by the evidence." (quoting *State v. Tindall*, 388 S.C. 518, 521, 698 S.E.2d 203, 205 (2010))); *Milledge v. State*, 422 S.C. 366, 375, 811 S.E.2d 796, 801 (2018) ("In conjunction with a valid automobile stop for a traffic violation, an officer may conduct a *Terry* frisk for his own safety after forming a reasonable conclusion 'that the person whom he ha[s] legitimately stopped might be armed and presently dangerous.'" (quoting *Pennsylvania v. Mimms*, 434 U.S. 106, 111-12 (1977))); *id.* at 376, 811 S.E.2d at 801 ("In determining whether reasonable suspicion exists to perform an investigative stop and frisk without infringing upon an individual's Fourth Amendment rights, courts must consider the totality of the circumstances."); *McHam v. State*, 404 S.C. 465, 481, 746 S.E.2d 41, 50 (2013) ("[O]fficer safety can justify the opening of a door to an occupied vehicle under reasonable circumstances."), *abrogated on other grounds by Smalls v. State*, 422 S.C. 174, 810 S.E.2d 836 (2018). The officer observed suspicious movement from Cooper after initiating the stop, Cooper's responses to the officer's questions were inconsistent with the officer's observations, the officer was by himself, and Cooper did not initially comply with the officer's instructions. *See Milledge*, 422 S.C. at 376, 811 S.E.2d at 801 ("In determining whether reasonable suspicion exists to perform an investigative stop and frisk without infringing upon an individual's

---

[1] We note Cooper argues Article I, Section 10 of the South Carolina Constitution provides greater privacy protection than the Fourth Amendment of the United Staes Constitution in the context of officers ordering vehicle occupants to exit the vehicle during a lawful traffic stop. However, we need not address this argument because we hold the officer had reasonable suspicion justifying the search. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

Fourth Amendment rights, courts must consider the totality of the circumstances."); *McHam*, 404 S.C. at 480-81, 746 S.E.2d at 49-50 (finding reasonable circumstances for an officer to open the passenger-side door when a vehicle's occupants made several movements inconsistent with their alleged attempts to locate vehicle registration and insurance, the traffic stop occurred in "dimly-lit" conditions, multiple people were in the vehicle, the officer was by himself, and the officer opened the car door to ensure the occupants were not holding any weapons).

**AFFIRMED.**[2]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.